THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN P. HAAG, SARAH E. FOWLER-HAAG, Individually and as Mother and Next Friend of COLIN M. FOWLER, a Minor, | ) ) ) ) ) | |
| *Plaintiffs*, | ) ) | No. 25 C 00406 |
| v. | ) ) | Chief Judge Virginia M. Kendall |
| MINNESOTA LOGISTIC, LLC, a Minnesota LLC, and DIRIE FARAH ABDIRISAK, | ) ) ) ) ) | |
| *Defendants*. | ) | |

**OPINION AND ORDER**

Now before the Court is Defendant Minnesota Logistic, LLC's Motion to Transfer Venue. (Dkt. 6). Plaintiffs wish for the case to proceed in the Northern District of Illinois. (Dkt. 8). Because Minnesota Logistic has demonstrated that the Central District of Illinois is a more convenient forum, the Motion to Transfer Venue [6] is granted on discretionary grounds.

**BACKGROUND**

If this case involved neighboring states, it would be straight from a conflict of laws textbook. But it arrives before the Court on a contested motion challenging venue. The Plaintiffs are John Haag and Sarah Fowler-Haag (collectively, "Plaintiffs"),[1] both of whom live in La Salle County, Illinois, which falls in the jurisdiction of the U.S. District Court for the Northern District of Illinois. (Dkt. 1-1 at 2, 5, 8). The Plaintiffs were in a car that John Haag was driving when they were involved in an accident in Peoria County, Illinois, which falls in the jurisdiction of the U.S. District Court for the Central District of Illinois. (Dkt. 1-1 at 2, 5, 8). The Plaintiffs allege

---

[1] Sarah Fowler-Haag brings this action in both her individual capacity and on behalf of her minor child, Colin M. Fowler.

1

Defendant Dirie Farah Abdirisak, who works for Minnesota Logistic, caused the accident. (Dkt. 1-1 at 2, 7). Minnesota Logistic, an individually owned LLC, and Abdirisak are both citizens of Minnesota. (Dkt. 6 at 2).

On November 19, 2024, Plaintiffs filed this action in the Circuit Court of the Thirteenth Judicial Circuit, LaSalle County, Ottawa, Illinois. (Dkt. 1-1 at 2). They allege that they were travelling east in the far-right lane of Interstate 74 and were slowed or stopped in traffic near downtown Peoria, Illinois. (Dkt. 1-1 at 2). They further allege Defendant Abdirisak was also traveling east on I-74 in a Freightliner semi-truck when he lost control in the middle lane, struck a barrier wall, and proceeded to hit Plaintiffs' vehicle, causing injuries. (*Id.*) Plaintiffs seek damages from Abdirisak and Minnesota Logistic for pain and suffering, medical expenses, emotional distress, and lost wages. (*See* Dkt. 1-1 at 3, 5–7, 9–10).

The Defendants were served with a Summons and Complaint on December 16, 2024, and filed a timely Notice of Removal with this Court on January 14, 2025. (Dkt. 1; Dkt. 1-2 at 2). On January 28, 2025, Defendant Minnesota Logistic filed the instant Motion to Transfer Venue to the Central District of Illinois, where the accident took place. (Dkt. 6). Minnesota Logistic first requests a transfer pursuant to 28 U.S.C. § 1406(a) for Improper Venue. (Dkt. 6 at 3). Alternatively, Minnesota Logistic requests a discretionary transfer pursuant to 28 U.S.C. § 1404(a). (Dkt. 6 at 5).

## DISCUSSION

### I.    Transfer for Improper Venue Pursuant to 28 U.S.C. § 1406(a)

Minnesota Logistic first argues that venue is improper in this district based on the federal venue statute, 28 U.S.C. § 1391(a), and that, as a result, either dismissal or transfer is mandatory pursuant to 28 U.S.C. § 1406(a). (Dkt. 6 at 3). Plaintiffs contend that § 1391 has no bearing on

whether venue is proper in the Northern District of Illinois because this is a removed case and thus the federal removal statute, 28 U.S.C. § 1441, governs. (Dkt. 8 at 2).

Plaintiffs are correct that the venue in this case is governed by the federal *removal* statute, § 1441, not the general *venue* statute, § 1391. The federal removal statute provides that venue for a civil action is appropriate in "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953) ("But even on the question of venue, § 1391 has no application to this case because this is a removed action. The venue of removed actions is governed by 28 U.S.C. § 1441(a)."). Here, Plaintiffs brought this action in state court in La Salle County, which the Eastern Division of the Northern District of Illinois embraces. Courts in this District have routinely held that § 1391 is not applicable to removed cases, and this one is no different. *See, e.g.*, *Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc.*, 200 F. Supp. 2d 941, 945 (N.D. Ill. 2002) (collecting cases).

Minnesota Logistic's reliance on the Second Circuit's decision in *PT United Can Co.* is misplaced. As to federal venue challenges, that case serves to underscore the fact that a party in a removed case cannot raise venue challenges "as if the case had originally been brought there." *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 72 (2d Cir. 1998). Tracking the language of § 1441, the court noted a change in venue based on federal law is only appropriate if the action was somehow removed to "a district court other than that 'embracing' the state court in which the action was brought," or if the moving party can demonstrate that a discretionary transfer under 28 U.S.C. § 1404 is warranted. *Id.* Minnesota Logistic argues they never waived a venue challenge and cite, at length, "lack of waiver" language from *PT United Can*. (Dkt. 9 at 2–3). But that language relates to challenges to "the propriety of venue in the *state court*" which defendants do

3

not waive through removal. *Id.* Minnesota Logistic does not contest that venue was appropriate in the state court in which the Plaintiffs filed. It relies exclusively on the federal venue statute, § 1391, which does not apply.

Accordingly, the Court denies Minnesota Logistic's Motion to Transfer for improper venue.

## II. Discretionary Transfer Pursuant to 28 U.S.C. § 1404(a)

Minnesota Logistic argues in the alternative that a discretionary transfer to the Central District of Illinois is appropriate here because it is a more convenient forum. (Dkt. 6 at 5). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." A party moving for a § 1404(a) transfer bears the burden of establishing "by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986). The Court may transfer an action pursuant to § 1404 when (1) venue is proper in both the transferor and transferee courts; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. *Body Sci. LLC v. Boston Sci. Corp.*, 846 F. Supp. 2d 980, 991 (N.D. Ill. 2012).

The parties do not dispute the first requirement. The Court has already established that venue is proper in this Court. 28 U.S.C. § 1441(a). As for the transferee Court, venue is appropriate in the Central District of Illinois because it is the situs of the automobile accident that forms the entire basis of the action. 28 U.S.C. § 1391(b)(2); *cf. Maro v. Commuter Advert., Inc.*, 2022 WL 18861855, at *3 (N.D. Ill. Aug. 8, 2022) (quoting *PT United Can Co.*, 138 F.3d at 72) (noting that defendants in a removed action may still request § 1404 discretionary transfers). Thus, whether a

4

transfer is appropriate here depends on the convenience to the parties and witnesses and the interest of justice.

Convenience is ordinarily measured with reference to a list of nonexhaustive private and public interest factors. The private factors at play include: 1) Plaintiffs' initial choice of forum; 2) the situs of material events; 3) the ease of access to evidence; 4) the convenience for witnesses and associated cost of obtaining their attendance; and 5) the convenience to the parties. *Chukwu v. Air France*, 218 F. Supp. 2d 979 (N.D. Ill. 2002).

Plaintiffs' *initial* choice of forum was not the Northern District of Illinois but rather the state court in LaSalle County, Illinois. (Dkt. 1-1 at 1–2). Nonetheless, the Plaintiffs confirm that they would rather litigate in the Northern District as opposed to the Central District. (Dkt. 8 at 4). Ordinarily, a plaintiff's choice of forum is entitled to substantial weight. *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995). But it is not the be all end all. Indeed, a plaintiff's selected forum is entitled to "minimal weight" when the events giving rise to the action happened elsewhere or if the forum otherwise has a weak connection to the facts of the case. *See Dunn v. Soo Line R. Co.*, 864 F. Supp. 64, 65 (N.D. Ill. 1994); *Von Holdt v. Husky Injection Molding Systems, Ltd*, 887 F. Supp. 185, 188 (N.D. Ill. 1995). The weight to which the Court would typically give to Plaintiffs' choice is significantly undermined by the fact that this state law action has everything to do with an automobile accident that occurred in the Central District of Illinois. Their stated desire to litigate in Chicago thus does little to tip the scale in favor of keeping the case in this district.

The second factor—situs of material events—not only diminishes the potency of Plaintiffs' choice of forum but also independently supports transfer to the Central District of Illinois. Both parties' reliance on where evidence and witnesses exist or reside applies more to the third and

fourth private interest factors: ease of access to evidence and convenience for parties and witnesses. (*See* Dkt. 6 at 7; Dkt. 8 at 5). The question of situs is completely straightforward. The automobile crash that forms the entire basis of the suit took place in Peoria County, Illinois, within the Central District. (Dkt 1-1 at 2). Indeed, it took place approximately one-half of a mile from the U.S. District Court for the Central District of Illinois in Peoria. (*See id.*); *Doage v. Bd. of Regents*, 950 F. Supp. 258, 262 (N.D. Ill. 1997) ("Resolving litigated controversies in their locale is a desirable goal of the federal courts."). While the downstream effects of the accident, including continued medical care, bleed into the Northern District of Illinois, the most material facts to the question of liability and damages relate to Peoria County, in the Central District of Illinois. This factor clearly favors transfer.

    The remaining private interest factors are effectively neutral. With respect to the third, access to sources of proof, evidence of the collision and the consequences thereof, including documents and testimony exist in both judicial districts. The Plaintiffs, who live in the Northern District of Illinois, will likely testify to their experience, injuries, and medical expenses. (Dkt 6 at 7–8). The Plaintiffs have also indicated that they visited various medical care providers in the Northern District of Illinois, including some in the Chicagoland area, documents from whom will likely be relevant to the damages portion of this case. (Dkt. 8 at 6–7). On the other hand, police reports and emergency medical care reports exist in the Central District of Illinois. (Dkt. 9 at 9) Finally, any evidence pertaining to Minnesota Logistic's business and employee–employer relationship with Defendant Abdirisak exists in Minnesota. While disparate, accessing these various documents and sources of proof is far less onerous than it once may have been, given "documents now are easily scanned, stored, and electronically transmitted." *Unomedical A/S v.*

6

*Smiths Med. MD, Inc.*, 2010 WL 2680144, at *2 (N.D. Ill. June 30, 2010). Combined, these considerations render the third factor neutral.

Similarly, the fourth and fifth factors relating to the convenience for witnesses and the parties are a wash. The parties and witnesses are spread across multiple districts. The Plaintiffs are certainly relevant both as parties and witnesses, and they live in the Northern District of Illinois. (Dkt. 8 at 6). But the Plaintiffs' nominal judicial district of residence says very little about the *convenience* or *cost* associated with their participation in the case. They and their lawyer are in Ottawa, Illinois, which is about ten miles closer to the federal courthouse in Peoria, Illinois than it is to the federal courthouse in Chicago. (Dkt. 1-1 at 2, 11). At the same time, it appears that Chicago may be practically more convenient for the Defendants, despite their preference for litigating in the Central District of Illinois, given the existence of major airports in the city as compared to those available throughout the Central District. (Dkt. 8 at 7). The remaining witnesses are spread across the Central and Northern District of Illinois. The parties have identified first responders and medical professionals in both districts who may be called upon to testify. (*See* Dkt. 8 at 6–7; Dkt. 9 at 8–9). Accordingly, the Court finds these final private interest factors to be neutral.

Next, the Court considers relevant public interest factors. These include: "1) the relationship of the community to the issue of the litigation and the desirability of resolving controversies in their locale; 2) the courts' familiarity with applicable law; and 3) the congestion of the respective court dockets and the prospects for an earlier trial." *Chukwu*, 218 F. Supp. 2d at 989; *see also Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir.1989).

The first factor favors transfer. While the relevant issues raised in this litigation are not especially relevant to any one community or judicial district, the Court has already discussed the desirability of litigating cases close to where the facts at issue were developed, which was in the

7

Central District. *See Doage*, 950 F. Supp. at 262. The second factor is completely neutral as both Courts sit in Illinois and are equally capable of faithfully applying Illinois substantive law to the controversy. Finally, the third public interest factor favors transfer considering the per judgeship pending case numbers are significantly higher in the Northern District of Illinois compared to the Central District of Illinois. *See Table N/A—U.S. District Courts–Combined Civil and Criminal Federal Court Management Statistics*, U.S.Courts (Sept. 30, 2024), https://www.uscourts.gov/data-news/data-tables/2024/09/30/federal-court-management-statistics/n-a-1.

All told, the Court finds that the Defendant has met its burden in establishing that the Central District of Illinois is the more convenient forum in which to litigate this dispute and that transferring the case is in the interest of justice. Most factors either marginally tip the scales, like Plaintiffs' choice of forum, or come out neutral, like the convenience for the parties and witnesses. The few clearer factors, however, all point in the direction of transfer. These include the situs of the underlying events, the interests of the community and the court in resolving disputes in their locale, and the congestion of the relevant dockets.

## CONCLUSION

For the reasons set forth above, the Defendant's Motion to Transfer Venue [6] is granted on discretionary grounds pursuant to 28 U.S.C. § 1404(a). The Court orders the Clerk of Court to transfer the entire case file to that of the Central District of Illinois forthwith and relinquishes jurisdiction over the matter.

_____
Virginia M. Kendall
United States District Judge

Date: March 19, 2025